IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROSS BEAM, | No. 2:11-CV-0605-KJM-CMK-P |
| Petitioner, | |
| v. | ORDER |
| V.W. KNIPP, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On March 6, 2014, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Petitioner has filed timely objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis except as explained below.

In the amended petition, petitioner alleges trial counsel was ineffective for a number of reasons, including a failure to investigate and present evidence that the victim in this

1

case, identified as Jane Doe in the transcript, had previously made false claims of sexual assault against two other men. Am. Pet., ECF No. 27 at 23. The magistrate judge characterizes this as "petitioner's claim that counsel failed to adequately investigate allegedly false prior kidnapping accusations made by the victim," and says petitioner supports this claim by the declaration of Amber Royal, which says nothing about this subject. Findings and Recommendations, ECF No. 48 at 13. As noted, petitioner did not say anything about a false claim of kidnapping. He has provided no evidence, however, of the victim's alleged prior false accusations apart from his own declaration, which says only that prior counsel had been developing information and that trial counsel Rekoon "knew about [Jane Doe's] past false accusations against Steve Michoff." Decl. of Kevin Beam, ECF No. 27-3 at 1 ¶¶ 3, 7. Petitioner cannot bear his burden of showing ineffective assistance of counsel by presenting "mere conclusory statements," *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984), but rather must tender affidavits from the witnesses counsel neglected to interview or call, showing the "helpful testimony for the defense" they could have presented. *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000).

Petitioner also argues that the magistrate judge has not addressed several aspects of his petition, as discussed below. The court refers the matter back to the magistrate judge for consideration of these issues.

Petitioner claims trial counsel was ineffective for failing to analyze Jane Doe's cell phone records, which would had led counsel to Amber Royal, who in turn would have said that on the evening in question Jane Doe and petitioner purchased a bag of methamphetamine from her. ECF No. 27 at 23; Decl. of Amber Royal, ECF No. 27-3 at 77-79. Royal avers that "Kevin and [Jane Doe] did call, and come to my home to purchase methamphetamines," and "[Jane Doe] asked if there was a cheap motel anywhere that I knew of." ECF No. 27-3 at 79. Petitioner also argues the magistrate judge did not address petitioner's claim that had trial counsel analyzed these records, he could have impeached the victim's testimony about the timeline of the evening of the incident. Objections, ECF No. 49 at 5; ECF No. 27 at 14, 27-3 at 53-63 (telephone records). The magistrate judge has not addressed these claims.

/////

1      Petitioner argues that the magistrate judge did not address his claim that trial
2 counsel was ineffective for failing to convey a plea offer to him.  Objections, ECF No. 49 at 6-7;
3 *see* ECF No. 27-3 at 41 (letter to appellate counsel discussing plea offer).  Petitioner argues
4 additionally that the magistrate judge erred in rejecting his claim that at least one member of the
5 jury was aware petitioner was wearing bright orange jail shoes.  ECF No. 49 at 6.  The magistrate
6 judge says only that "absent evidence that they [*sic*] jury saw the shoes, petitioner cannot state a
7 claim for habeas relief."  ECF No. 48 at 8.  As petitioner notes, however, in his declaration he
8 says that at least one member of the panel appeared to notice his shoes and pointed them out to
9 other members of the panel.  ECF No. 27-3 at 1 ¶ 6.  These issues are referred back to the
10 magistrate judge.

11     Petitioner finally alleges counsel was ineffective for developing and using
12 information to impeach Faith and Jerry Pearce, witnesses who corroborated a portion of Jane
13 Doe's testimony.  ECF No. 27 at 9, 89 & 27-2 at 39.  As the magistrate judge does not address
14 this claim, it also is referred back to him for inclusion in supplemental findings and
15 recommendations.

16     Accordingly, IT IS HEREBY ORDERED that:
17     1. The findings and recommendations filed March 6, 2014, are adopted in part;
18     2. The amended petition for a writ of habeas corpus is denied as to petitioner's
19 claims that (1) the evidence was insufficient to support his conviction for false imprisonment by
20 violence or menace; (2) trial counsel was ineffective for (a) failing to inform the court of
21 petitioner's desire to testify, (b) failing to introduce a transcript of Exhibit 5, (c) failing to object
22 to testimony from law enforcement officers, and (d) failing to present expert testimony; and
23 (3) appellate counsel was ineffective for failing to raise trial counsel's alleged ineffectiveness in
24 (a) failing to inform the court of petitioner's desire to testify, (b) failing to introduce a transcript
25 of Exhibit 5, (c) failing to object to testimony from law enforcement officers, and (d) failing to
26 present expert testimony.
27 /////
28 /////

3. The court declines to adopt the findings and recommendations as to the other issues identified above and refers these back to the magistrate judge for the development of supplemental findings and recommendations.

DATED: September 30, 2014.

_____
UNITED STATES DISTRICT JUDGE