# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROSS BEAM, | No. 2:11-CV-0605-KJM-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| V.W. KNIPP, | |
|     Respondent. | |
| _____ / | |

Petitioner, a state prisoner proceeding pro se, seeks to bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion (Doc. 52) for an evidentiary hearing, discovery, and expansion of the record.

Petitioner first discusses his claim that trial counsel failed to investigate prior false rape accusations made by the victim. The arguments petitioner raises, however, were also raised in his objections to the court's March 6, 2014, findings and recommendations and rejected by the District Judge in an order issued on September 30, 2014.

///

///

///

1          Next, petitioner argues that an evidentiary hearing is required on five other claims.
2 Petitioner identifies the following claims: (1) counsel was ineffective for failing to investigate
3 prior false rape accusations made by the victim; (2) counsel was ineffective for failing to present
4 evidence that the victim lied about buying drugs with petitioner; (3) counsel was ineffective for
5 failing to hire an expert to testify that the victim has hickeys; (4) counsel was ineffective for
6 failing to inform petitioner of his right to testify; and (5) counsel was ineffective for allowing
7 him to be seen by potential jurors in orange jail shoes.

8          As indicated above, the first claim – that counsel failed to investigate prior false
9 rape accusations by the victim – has already been decided on the merits by the District Judge.  As
10 with the first claim, petitioner's third claim – that counsel was ineffective for failing to hire an
11 expert – and petitioner's fourth claim – that counsel was ineffective with respect to petitioner's
12 right to testify – have also been decided on the merits by the District Judge on September 30,
13 2014.

14          Petitioner's claim that counsel was ineffective for failing to present evidence that
15 the victim lied about buying drugs with petitioner has been addressed in the court's supplemental
16 findings and recommendations issued on September 2, 2015.  In the current motion, petitioner
17 once again argues that counsel should have investigated phone records which would have shown
18 the victim's location and that the victim and petitioner purchased drugs from Amber Royal.
19 While petitioner asserts that this evidence (phone records) would have impeached the victim, he
20 does not state how.  For the reasons outlined in the September 2, 2015, supplemental findings
21 and recommendations, the court concludes that petitioner has not demonstrated good cause for
22 discovery or an evidentiary hearing under the Federal Rules Governing Section 2254 Cases.

23          Finally, petitioner argues that an evidentiary hearing should be held on the issue of
24 orange jail shoes.  In the current motion, petitioner states:

25 > Finally, a hearing is mandatory on the ground that due to counsel's
> failure to timely secure dress shoes, Beam was forced to wear bright
26 > orange jail shoes which were observed by at least one juror, who then

> pointed them out to other prospective jurors. Beam told counsel about this as it happened, and counsel told Beam to hide his feet under the table. If this claim is proven, it too may entitled Beam to relief.

Again, this claim was addressed in the court's supplemental findings and recommendations. As the court noted, petitioner's claim is speculative as to whether an actual member of the jury saw him wearing orange jail shoes. In particular, there is no indication that any potential juror who may have seen the orange jail shoes was actually seated on petitioner's jury. In the current motion, petitioner has not identified what evidence he seeks to discover that would support his claim.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion (Doc. 52) for an evidentiary hearing, discovery, and expansion of the record is denied.

DATED: September 30, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3